UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMAN CHAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 3851 |
| ) | |
| v. ) | Judge Gottschall |
| ) | Magistrate Judge Valdez |
| MICHAELS STORES INC., ) | |
| ) | JURY TRIAL REQUESTED |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, MICHAELS STORES, INC., ("Defendant), by and through its attorneys, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., stating as follows in response to Plaintiff's Complaint:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

**ANSWER: Defendant admits that Plaintiff brings this action under the Age Discrimination and Employment Act ("ADEA") but denies that any relief is warranted under that Act or any other statute.**

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) and Venue 28 U.S.C. § 1331.

**ANSWER: Defendant admits that jurisdiction is proper in this Court as the Complaint alleges claims that arise under the laws of the United States pursuant to 28 U.S.C. §1331 and 29 U.S.C. §626(b). Defendant denies that 28 U.S.C. §1331 pertains to "Venue," however, as Section 1331 pertains to federal question jurisdiction. Defendant denies that any relief is warranted under the cited statutes or any other statute.**

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER: Defendant admits that the employment practices Plaintiff alleges were "unlawful" occurred in the Northern District of Illinois, Eastern Division. Defendant denies that it committed any "unlawful" employment practices and denies the remaining allegations of this paragraph.**

## PARTIES

4. Plaintiff is an adult person and a resident of Lake County, State of Illinois.

**ANSWER: Admitted.**

5. Plaintiff was an employee of Defendant until January of 2008.

**ANSWER: Admitted.**

## STATEMENT OF FACT

6. Plaintiff was employed as a Senior Framer with the Defendant.

**ANSWER: Admitted.**

7. Plaintiff was born on April 19, 1952, and falls within the group protected by the ADEA.

**ANSWER: Defendant admits that Plaintiff submitted records to Defendant indicating that he was born on April 19, 1952. Defendant is without information sufficient to admit or deny the truth of this allegation.**

8. At all times material herein and hereinafter mentioned, Defendant has engaged in and employed its employees in commerce. The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

**ANSWER: Admitted.**

9. Defendant Corporation is an employer within the meaning of the ADEA.

**ANSWER: Admitted.**

10. Plaintiff was an employee of the Defendant for approximately 4 1/2 years covering the period from May of 2003, until the plaintiff was terminated in violation of the ADEA on, to-wit:

January of 2008 and was treated differently than persons not within the protected group when it came to part time positions.

**ANSWER: Defendant admits that Plaintiff was employed by Defendant from May of 2003 to January of 2008, which is a period of approximately four and one-half years. Defendant denies the remaining allegations of this paragraph.**

11.  On or about September of 2006 and continuously thereafter, while meeting the minimum standards of his employer, the defendant willfully discriminated against plaintiff because of his age. Plaintiff reached 55 years of age before January of 2008.

**ANSWER: Defendant admits that Plaintiff submitted records to Defendant indicating that he reached 55 years of age prior to January of 2008. Defendant is without information sufficient to admit or deny the truth of the allegation that "Plaintiff reached 55 years of age before January of 2008." Defendant denies the remaining allegations of this paragraph.**

12.  As a result of Defendant's actions, the Plaintiff has been deprived of his wages and employment benefits.

**ANSWER: Denied.**

13.  In addition, the Plaintiff seeks to be reinstated, but if he is not reinstated, he will continue to be deprived of wages and employment benefits in the future. The Plaintiff is therefore entitled to an award of front pay if reinstatement is not possible.

**ANSWER: Defendant admits that "Plaintiff seeks to be reinstated", but denies that reinstatement is warranted under the ADEA or any other statute. Defendant denies the remaining allegations of this paragraph.**

14. The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

**ANSWER: Denied.**

## PROCEDURAL FACTS

15. Plaintiff protested his unlawful termination and on February 8, 2008, filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain voluntary compliance by the Defendant with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

**ANSWER: Defendant admits that Plaintiff protested his termination by filing a charge with the Equal Employment Opportunity Commission in Chicago on or about February 12, 2008, and that Plaintiff attached a copy of that Charge as Exhibit "A" to this Complaint. Defendant denies the allegations of Exhibit A pertaining to race and age discrimination. Defendant further admits that Plaintiff attached a copy of the Notice of Right to Sue letter from the EEOC to the Complaint as Exhibit "B". Defendant denies the remaining allegations of this paragraph.**

16.     This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

**ANSWER: Admitted.**

### AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

### Nature of the Action

17.     This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia</u>, the Civil Rights Act of 1991, for the Defendant having subjected Plaintiff, to racial discrimination by failure to treat him the same as other non-Asian employees despite Plaintiff's repeated complaints about same.

**ANSWER: Defendant admits that Plaintiff filed this action under, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") alleging race discrimination. Defendant denies that any relief is warranted under Title VII or any other statute and denies the remaining allegations of this paragraph.**

18.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**ANSWER: Defendant repeats, reasserts and incorporates its responses to each and every allegation set forth above as if fully set forth herein.**

19.     Defendant by its action or in actions of its agents treated Plaintiff differently than non-Asians in the handling of his work environment complaints, where non-Asians complaints are handled differently. This wrongful conduct unreasonably interfered with the terms and

conditions of Plaintiffs employment and Plaintiff performance in his job and created a racial work environment. Management failed to take any corrective action or Plaintiff [sic] because he is an Asian. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq.; as amended by inter alia the Civil Rights Act of 1991.

**ANSWER: Denied.**

20. By reason of the racial discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**ANSWER: Denied.**

21. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**ANSWER: Denied.**

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:
1. Reinstatement or, alternatively, front pay;
2. Damages, including loss of pay and benefits;
3. Statutory liquidated damages due to the defendant's will full conduct;
4. Attorney's fees and costs incurred in this action
5. Such other relief as is just and equitable.
6. The plaintiff requests a jury trial of this action.

**ANSWER: Defendant admits that Plaintiff has requested a jury trial, but denies that**

**Plaintiff is entitled to the requested relief or any other remedy in this matter.**

### DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to exhaust his administrative remedies.

2. Plaintiff was terminated for a legitimate, non-discriminatory reason unrelated to his age or race.

3. Plaintiff's damages, if any, are limited to those available under Title VII and/or the ADEA.

Respectfully submitted,

MICHAELS STORES INC.

By: /s/  Michael D. Ray
     One of Its Attorneys

Richard L. Samson (ARDC # 6191450)
Michael D. Ray (ARDC #6285109)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Two First National Plaza
20 S. Clark Street
25th Floor
Chicago, Illinois 60603-1891
312/558-1220

Date: August 27, 2008

**CERTIFICATE OF SERVICE**

I, Michael D. Ray, hereby certify that on this 27th day of August, 2008, the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed electronically. Notice of this filing will be sent to all Filing Users by operation of the Court's electronic filing system, and such Notice of Electronic Filing constitutes service upon such Filing Users. The foregoing document was also sent via first class mail, postage prepaid, to the counsel identified below.

> Michael T. Smith, Esq.
> MICHAEL T. SMITH & ASSOCIATES
> 400 W. Irving Park Road
> Roselle, IL 60172
> (Attorney for Plaintiff)

By: /s/ Michael D. Ray
One of Its Attorneys

6606176.1 (OGLETREE)

6606176.1 (OGLETREE)